IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

James L. Boyington #235843 )
Full name and prison number )
of plaintiff(s) )
 )
v. )
 )   CIVIL ACTION NO. 2:07CV30-MHT
Leeposey Daniels, Warden II, et al )   (To be supplied by Clerk of
 )   U.S. District Court)
State of Alabama )
 )
Officer Caldwell, C.O.I )
 )
_____ )
 )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

RECEIVED 2007 JAN -9 A 9:40

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO (✷)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (  )  NO (✷)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) n/a

            Defendant(s) n/a

        2.  Court (if federal court, name the district; if
            state court, name the county) n/a

3. Docket number __N/A__

4. Name of judge to whom case was assigned __N/A__

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

6. Approximate date of filing lawsuit __N/A__

7. Approximate date of disposition __N/A__

II. PLACE OF PRESENT CONFINEMENT __Montgomery Pre-Release Center__

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED __Montgomery Pre-Release Center__

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

   NAME                                    ADDRESS

1. Leeposey Daniels, Warden II, et. al.

2. State of Alabama

3. Officer Caldwell, C.O.I.

4. _____

5. _____

6. _____

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED __Beginning November 21st To Current Date.__

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: __Being denied due access to Courts by being refused accessibility to Computer/Law Books, and/or, an appropriate place to formulate legal documents.__

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (STATE AS BEST YOU CAN THE TIME, PLACE, AND MANNER THE PERSON(S) INVOLVED).

(1) On November 21, 2006, the Petitioner arrived at the Montgomery Pre-Release Center in Possession of a "Court-Order" from the United States District Court (Southern-District), to Respond no Later than November 28, 2006 with a Status Report in Regards to a Pending Habeas-Corpus which had been Temporarily "Stayed" Pending Exhaustion at State Court Level.

(2) Petitioner immediately notified and Produced his Court documentation to an Officer McDonald, C.O. I (2nd Shift) and asked him whom I needed to address the issue with, due to the fact that the Law-Library was currently "Locked-down". Officer McDonald informed me that I needed to address the issue with Acting Shift Supervisor Seargent at which time we approached with said document and Produced it to validate my urgency to utilize said Library. Petitioner informed By the Shift Supervisor that the Law-Library was overseen By an Officer Caldwell and that she was off until Saturday the 25th of November. Petitioner then Requested to utilize the Law-Library under the Supervision of one of the other officer's but was denied access.

(3) Throughout the duration of November 21st through November 25th, 2006, the Petitioner Persistantly Requested directly to First (1st), and Second (2nd) Shift Supervisor's to Be Afforded Accessibility to the Library, But was denied.

(4) On November 26, 2006, the Petitioner was summoned to the Law-Library at approximately Eight P.m. By Officer

(3)

Caldwell in regards to said request.

(5) Upon entry, the Petitioner was asked: "What do you need". The Petitioner then conveyed that he needed to utilize the facilities research materials and the library space to formulate and format his legal work.

(6) Officer Caldwell then stated: "We have no federal materials in volume". "We only have the computer and it is not accessible to the inmates". "Tell me what you want and I will get it for you."

(7) I informed Officer Caldwell of my enability to properly research and formulate an adequate response to the Court's order through inexperienced secondary assistance and also the privacy invasion that existed, but was still refused accessibility to the computer.

(8) The Petitioner then requested information regarding rules of court (federal) in regards to federally "stayed" petitions. And the officer had no idea where to begin to search for said information. Petitioner never received any materials in regards to the information he requested. The material he did receive is respectfully attached hereto as Exhibit-"A".

(9) Upon completion of providing petitioner with said improper material, Officer Caldwell then ordered petitioner to exit the law-library. Upon receiving said order the Petitioner then requested to be afforded to utilize said library for the purpose of fabricating his response to the United States District Court (Southern Districts) previous "order" to respond no later than November 28, 2006. This being only two (2) days away.

(4)

(10) Officer Caldwell then informed the Petitioner that "The Law-Library was not utilized by inmates for writing purposes, and that if he wished to write he could do so elsewhere."

(11) Petitioner then addressed the issue of no existing tables provided here at this facility 'Indoors' excluding the exterior recreational tables located in the outside patio area behind the building. Petitioner was informed to utilize those, or, to request other means.

(12) Since the time of said incident the Petitioner has, on numerous occassions, requested to be provided access to the Law-Library. But, everytime he makes such request he is told that Officer Caldwell is not availible and the Law-Library is solely controlled under supervision of Officer Caldwell.

(13) Due to this facilities personnel intentionally denying the Petitioner access to the Law-Library to properly research, formulate, and prepare his legal work in regards to his pending cases: (1) Case # 1:05-0473-CG-C in the United States District Court (Southern District) And, (2) Case # CC-04-377 in the Baldwin County Circuit Court. It has severely prejudiced Petitioner in adequately preparing in Pro Se Defense.

(14) Petitioner has remained at the Montgomery Pre-Release for over forty (40) days and the Law-Library has not been opened for utilization pending all of Petitioner's previous requests to current date of December 31, 2006.

(5)

15) The mandatory twenty (20) hours per week as is required by federally regulated laws are totally disregarded by the personnel and/or administration of this facility, therefore, warranting immediate federal intervention.

## Ground Two

### *Unsanitary and Inhumane Conditions*
### In Multiple Form

1) Hot water availibility will not compensate for more than three (3) showers to be used in unison therefore subjecting inmates to be forced to take cold showers.

2) Restroom facility provides eighteen (18) commodes for the use of two hundred and fifty (250) inmates, and of that number three have been dislocated & removed. Of the remaining fifteen (15), eight of those utilizible leak extremely large amounts of "Raw Sewage" all around the bases causing your feet to be in contact with said sewage the duration of utilizing said latrine.

3) The proximity of the entire living area quaters is eighty (80) by one hundred (100) feet, totaling eight thousand (8,000) square feet of living area to suffice for a total of two hundred and fifty (250) inmates.

4) The entire living quaters area provides absolutely no sprinkler (fire system) and the officers lock all fire-exits after sundown subjecting all parties concerned to death-by-fire should the building burn.

The building also has no available fire-extinguishers to extinguish with should such occurance take place.

5) The entire heating system consists of four individual gas units which are located hanging from the exposed ceiling area leaving approximately five (5) feet between said gas heaters and the inmates bunks over which they are placed. Of those heaters there is a distinct odor of raw gas seeping which at night creates severe headaches in a vast majority of the inmates incarcerated here at this facility including myself.

6) The only venting system for the entire eight thousand square feet of living area consists of two (2), four (4) by six (6) leover vents located on one of the one hundred (100) foot walls. And they have been completely covered over with plastic covering per the wardens command.

## Conclusion

Concerning the issue of Ground # one, being denied "Due Access" to the courts and the intentional prejudice and harm inflicted on petetioner by the administrative personnel of this facility. The petetioner has diligently asserted all effort in resolving the issue at this level. For petetioner to address said any further without the intervention and/or oversight/supervision of this court would not only be detremental to petetioners imminent release date due to frivilous disciplinaries and loss of good time, but, could also result in a life-threatening situation due to an individual of personnel here whom

(7)

has been under numerous investigations for physical abuse that resulted in loss of life by the victim(s).

In regards to Ground # Two, Unsanitary and Inhumane Conditions, The Petitioner, and other inmates, address on a daily basis to no avail. And this too could very likely end with the same result should federal intervention not occur with an injunction being placed in regards to the Petitioner's well being blocking any/all retalitory measure until his release date of February 19, 2007.

VI)   <u>Relief Sought</u>

A) Petitioner humbly requests that this Honorable Court to immediately intervene in the matters listed above and direct an immediate investigation be initiated with the consolidation of a Federal injunction being placed in regards to the Petitioner's well being and assurance of his release on February 19, 2007 deflecting any/all self inflicted encumberances by the staff and/or personnel of the Alabama Department of Corrections.

B) The sum of Five-Hundred dollars per day of confinement in the existing inhumane conditions in which Petitioner is being subjected to in compensatory damages.

C) The sum of One-Hundred Thousand ($100,000) dollars for the malicious, and/or, intentional harm caused by personnel by prejudicely denying him due access to the law-library during his Pro Se litigation.

D) To Order Warden LeePosey Daniels To immediately Rectify all the above-listed addressed issues. Therefore, discontinuing the Constitutional Amendment violations set forth towards Petitioner by himself, and personnel in this ongoing matter.

### Sworn Oath

I, James L. Boyington, do solemnly swear/affirm, that the foregoing allegations set forth in this petition are true and correct under penalty of perjury.

                    /s/ James L. Boyington #235843

### Certificate of Service

I hereby certify that the foregoing was forwarded by Pre-Paid "Certified" United States Postal Service to the United States District Court "Clerk" (Middle District), by placing said in the Post-Office Box at the Montgomery Pre-Release Center, P.O. Box 75, Mt. Meigs, Alabama on this 8th day of January 2007.

Sworn To And Subscribed Before me
This __6__ day of __January__ 2007.

Notary Public: _____

__Montgomery__ County, Alabama.

My Commission Expires: __5/16/2010__

/s/ James L. Boyington #235843
Montgomery Pre-Release Cntr.
Post Office Box 75
Mt. Meigs, AL. 36057

(9)

(a) **Before Action.**
(1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
(2) Notice and Service. At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with due diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided by Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. Rule 17(c) applies if any expected adverse party is a minor or is incompetent.
(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(4) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the courts of the state in which it is taken, it may be used in any action involving the same subject matter subsequently brought in a United States district court, in accordance with the provisions of Rule 32(a).

(b) **Pending Appeal.** If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit - A*

the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court.

(c) **Perpetuation by Action.** This rule does not limit the power of a court to entertain an action to perpetuate testimony.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.