IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES L. BOYINGTON, #235843, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | 2:07-CV-30-MHT |
| LEEPOSEY DANIELS, et al., ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

Come now the Defendants, Warden II Leeposey Daniels and CO I Debra Caldwell, by and through the undersigned counsel in the above styled action, and file their Special Report as follows:

### PETITIONER'S ALLEGATIONS

Plaintiff alleges that his constitutional rights were violated by the Defendants, specifically his rights to access to the courts were violated and an Eighth Amendment violation based upon conditions at the facility.

### DEFENSES

The Defendants deny that they have violated the constitutional rights of the Plaintiff and demand the strict proof thereof.

The Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

The Defendants allege that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained against at least one of the Defendants if not both.

The Defendants allege that at least part of the Plaintiff's claim is based upon the theory of respondent superior and cannot be maintained under 42 U.S.C. § 1983.

The Defendants plead the general defense.

The Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

The Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

The Defendants allege that the Plaintiff's claims are barred by the Prisoner Litigation Reform Act (PLRA).

The Defendants allege that the Plaintiff suffered no injuries, and/or damages, as a result of the alleged violations.

The Defendants reserve the right to amend their defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

## STATEMENT OF FACTS

Plaintiff was an inmate incarcerated at the Montgomery Pre-Release Center and has now been released from ADOC custody. He brings this action as a result of an alleged situation at that Facility. Basically the Plaintiff alleges that while at that facility he asked for "Rules of Court (Federal)" and did not receive the requested materials. He further alleges that the conditions at that Facility violated his Eighth Amendment rights.

## ARGUMENT

### Eighth Amendment

The Eighth Amendment, which applies to state action through the Due Process Clause of the Fourteenth Amendment, **Robinson v. California**, 370 U.S. 660, 666, (1962), prohibits the infliction of "cruel and unusual punishment" on those convicted of crimes. **Wilson v. Seiter**, 111 S.Ct. 2321, 2323 (1991). As a threshold matter, the court must determine whether the subject deprivation was

sufficiently serious to rise to the level of denying "the minimal civilized measure of life's necessities." **Rhodes v.Chapman**, 452 U.S. 337, 347 (1981). Thus, in order to determine whether the conditions of confinement violated the Plaintiff's Eighth Amendment rights, the court must find that the plaintiff was deprived "of the minimum civilized nature of life's necessities", and that the defendants were deliberately indifferent to the rights of the plaintiff. **Wilson**; **Rhodes**. The Plaintiff's complaint alleges (1) that there is not enough hot water; (2) that there are not enough commodes; (3) that some of the commodes leak; (4) that the living area is too small; (5) that the living area is not safe from fire; (6) that the heaters cause headaches; and (7) that the venting system is not large enough. The Plaintiff offers nothing to support these allegations.

In a case complaining about the conditions of confinement generally or about several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. **Hamm v. De Kalb County**, 774 F.2d 1567 (11th Cir. 1985), cert. den. 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); see also **Chandler v. Baird**, 926 F.2d 1057 (11th Cir. 1991). However, the court's consideration of whether the claims together amount to conditions which fall below the constitutional standards is limited by the Supreme Court's holding in **Wilson**, that "some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need..." (emphasis added). **Wilson**. The court in **Wilson**, did not accept the plaintiff's argument that "a court cannot dismiss any challenged condition...as long as other conditions remain in dispute, for each condition must be "considered as part of the overall conditions challenged". Id. at 2327. The Plaintiff claims that the Facility is overcrowded and unsafe. The Plaintiff has failed to overcome the essential burden of establishing that there is a genuine issue of material fact to avert summary

judgment. **Brown v. Crawford**, 906 F.2d 667, 670 (11th Cir. 1990). It is especially relevant that the Plaintiff has alleged no specific injury to himself from the alleged overcrowding and unsafe condition. Certainly there can be no argument that the overcrowding was a result of injury where there was no injury. The plaintiff's complaint does not specifically allege how these alleged conditions harmed him or undermined his health or physical well-being.

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between actions taken by the defendants and the constitutional deprivation. **Jones v. Preuitt & Mauldin**, 851 F.2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of a defendant, a policy or custom established by the defendant who results in deliberate indifference to a prisoner's constitutional rights or breach of a duty imposed by state or local law which results in constitutional injury. **Zatler v. Wainwright**, 802 F.2d 397 (11th Cir. 1986). There is no causal connection even alleged here, much less proven.

As acknowledged earlier, it is the duty of prison officials to furnish prisoners with reasonably adequate food, clothing, shelter and sanitation.

*Newman v. Alabama,* 559 F.2d 283, 291 (5th Cir.1977) *559 F.2d at 286.* The Constitution does not mandate comfortable prisons. **Rhodes**. "A corollary to the state's obligation to provide inmates with constitutionally adequate shelter is the requirement of minimally adequate living space that includes reasonably adequately ventilation, sanitation, bedding, hygienic materials and utilities (i.e., hot and cold water, light, heat, and plumbing)."**Grubbs v. Bradle**, 552 F.Supp. 1052 (M.D. Tenn. 1982), **Cruotiner Ramos v. Lamm,** 639 F.2d 559,568(10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). The Constitution does not mandate comfortable prisons. **Bega v. Parsleh,** 700 F.Supp. 879,883 (W.D. Tex. 1988). Clearly, the Plaintiff has failed to establish that the food rose to a constitutional violation.

Conclusory allegations by either party are insufficient to raise a factual dispute. **Fullman v. Graddick,** 739 F.2d 553, 556-57 (11th Cir. 1984). Such claims based on conclusory allegations are due to be dismissed. **Neitzke v. Williams,** 490 U.S. 319 (1989). The Plaintiff's allegations are not supported by any facts.

Furthermore, under §1983, respondent superior is not a proper cause of action. **Monell v. Dept. of Social Services,** 436 U.S. 658(1978). Thus, Inmate Boyington has failed to establish a claim under 42 U.S.C. §1983.

Any claim concerning negligence, the ADOC Defendants are entitled to discretionary function immunity.

### Access to the Courts

The Plaintiff further alleges that he was denied access to courts while at the Facility because he asked for "Rules of Court (federal)" and they were not provided. The Constitution of the United States guarantees prisoners the right of meaningful access to the courts. In **Bounds v. Smith,** 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the United States Supreme Court, reaffirming **Younger v. Gilmore,** 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), stated that

> [T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

430 U.S. at 828; 97 S.Ct. at 1498.

**Bounds,** therefore, makes it is clear that the constitution requires either an adequate law library or legal assistance; however, both need not be supplied. Nor does **Bounds** provide any specific guidelines: a prison's "legal access program need not include any particular element," Id., 430 U.S. at 432; 97 S.Ct. at 1499.

The Eleventh Circuit has maintained a strict adherence with the mandate of **Bounds, see, e.g., Straub v. Monge**, 815 F.2d 1467, 1469 (11th Cir. 1987), but is unwilling to expand the holding in **Bounds.** Indeed, in **Hooks v. Wainwright,** 775 F.2d 1433 (11th Cir. 1985), **cert. denied**, 479 U.S. 913 (1986), the Eleventh Circuit made it clear that **Bounds** is to be literally construed and reversed a district court's decision requiring that a state plan ensuring that prisoners have meaningful access to courts include attorney assistance in the filing of complaints. In reversing the district court, the Eleventh Circuit wrote as follows:

> The problem with such a decision is that it reads too expansively the words used by the Supreme Court: "meaningful access." Although it may take more decisions to ascertain exactly what the Supreme Court will decide is constitutionally required to assure "meaningful access," we know from the **Bounds** holding that the Supreme Court does not presently interpret those words to require the mandatory provision of legal services.
>
> This should end the case. Without **Bounds,** there is no articulated precedent in this Circuit creating the constitutional right upon which the district court bases its decision. Although the district court relied to some extent on **Cruz v. Hauck,** 627 F.2d 710 (5th Cir. 1980), **Cruz** merely discussed alternatives including assistance of counsel. It did not go beyond the **Bounds** requirement: "As stated in **Bounds**, access to the courts may be provided in whatever manner the state desires." *Id.*, at 721. 775 F.2d at 1435-36.

Moreover, although an inmate has a right of access to the law library, the Constitution does not guarantee an inmate unlimited access to the library. Prison officials must, of necessity, regulate the time, manner, and place in which the library facilities are used. **Campbell v. Miller,** 787 F.2d 217, 227 (7th Cir. 1986); **Flittie v. Solem,** 827 F.2d 276 (8th Cir. 1987). Various circuits have approved of different methods guaranteed to ensure "meaningful access" to prisoners deprived of actual physical access to the prison law library. The Sixth Circuit, in **Martucci v. Johnson,** 944 F.2d 291, 295 (6th Cir. 1991), held that meaningful access was provided to inmates in administrative segregation, despite the fact that they were denied access to mail, telephone or the law library because

jail officials provided legal materials to them "upon request" and the inmate could confer with his attorney. Similarly, in **Divers v. Department of Corrections,** 921 F.2d 191, 194 (8th Cir. 1990), the Court determined that meaningful access to inmates was provided despite being denied access to the law library because legal assistance was available from inmate law clerks. The Tenth Circuit, in **Battle v. Anderson,** 788 F.2d 1421, 1424-25 (10th Cir. 1986), found that prisoners enjoyed "meaningful access" by merely receiving legal assistance from available inmate law clerks. The Third Circuit has recently approved the use of a satellite library for prisoners housed in a segregation unit, where access to volumes contained in main prison law library were available by request. **Abdul-Akbar v. Watson,** 4 F.3d 195, 203-04 (3d. Cir. 1993).

Additionally, in order to prevail on an access to courts claim, the Plaintiff must articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action. **Chamdler v. Baird,** 926 F.2d 1057, 1061-63 (11th Cir. 1991). Inmate Boyington has not done this. Counsel for the Defendants has been practicing law for over twenty years and would submit that if Inmate Boyington had asked this counsel for the "Rules of Court (federal)" I would not have known what he wanted. There are Local Rules, Federal Civil Judicial Procedure and Rules, Alabama Rules of Court - Federal, etc.

## **PLRA**

Lastly, the Defendants would argue that this action is due to be dismissed and summary judgment granted under the Prison Litigation Reform Act (PLRA), specifically under 42 U.S.C.A. s 1997e(e). In **Siglar v. Hightower,** 112 F.3d 191 (5th Cir. 1997), the Court held that the inmate did not raise a valid Eighth Amendment claim because he did not have the requisite "physical injury" under the PLRA.

Wherefore the premises considered and there being no material issue of fact, the Defendants request that Summary Judgment is granted in their favor and that cost be assessed against the Plaintiff. Defendants further request that this action be found to be frivolously brought, under the definition contained in the Prisoner Litigation Reform Act.

        Respectfully submitted,

        Kim T. Thomas
        General Counsel
        Deputy Attorney General

        /s/Albert S. Butler
        Albert S. Butler (BUT016)
        Assistant General Counsel
        Assistant Attorney General

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon:

James L. Boyington
37056 Hester's Store Road
Red Level, Alabama 36474

by placing same in the United States Mail, first class postage prepaid and properly addressed this 20th day of March, 2007.

/s/Albert S. Butler
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James L. Boyington, )
AIS #231495 )
 )
    Plaintiff, )
 ) CIVIL ACTION NO. 2:07CV30-MHT
    vs. )
 )
Leeposey Daniels, Warden II, et al., )
 )
 )
    Defendants. )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared before me first being duly sworn, deposes and says on oath as follows:

My name is Leeposey Daniels, and I am presently employed as a Warden II with the Alabama Department of Corrections, Montgomery Pre-Release Center, Mt. Meigs, Alabama. I am over twenty-one (21) years of age.

Inmate James L. Boyington, W/M, AIS #235843, has alleged the following:

1. **That Plaintiff was denied access to the Montgomery Pre-Release Center Law Library, access to a computer, and an appropriate place to formulate his legal documents.**

   RESPONSE: The Law Library is open to inmates for approximately twenty (20) hours per week in accordance with ADOC Administrative Regulation 303. The Law Library Supervisor is present to assist any inmate needing to utilize the computer. Inmates who require computer assistance are instructed to inform the Law Library Supervisor, who will research and print information requested by the inmate. There are tables available, inside and outside the dormitory for inmate use.

In no manner or fashion, did the actions of any Montgomery Pre-Release Center staff member or Correctional Officer, prohibit Plaintiff from responding to any pending legal issues.

2. **That, Plaintiff was subjected to unsanitary and inhumane conditions, forced to take cold showers, and required to endure bodily contact with raw sewage.**

**RESPONSE:** The Plaintiff's charges are completely without merit. At no time, has any inmate assigned to Montgomery Pre-Release Center been subjected to unsanitary and inhumane living conditions. The inmate dormitory offers each inmate adequate living space. There was an occasion where the boiler system failed due to mechanical problems resulting in a temporary disruption of available hot water. The boiler system was subsequently replaced with a new unit. Inmate Boyington's allegations of being forced to endure bodily contact with raw sewage from utilizing the inmate latrine are completely false. At no time was there an incident where raw sewage leaked into the inmate latrine. The facility is subject to mandatory inspections from the State Department of Public Health, with findings on file at the facility. Fire extinguishers are available in the dormitory and adequate ventilation is provided. During the winter months, to lessen the occasion of cold air entering the dormitory, plastic covers are used on some of the louvered vents.

3. **Plaintiff alleges that the Montgomery Pre-Release Center staff has been under numerous investigations for physical abuse which resulted in loss of life. Plaintiff also claimed treatment detrimental to his imminent release date, possible frivolous disciplinary action, and a loss of good time.**

**RESPONSE:** The aforementioned allegations by the Plaintiff are completely false. At no time was inmate Boyington subjected to any actions or threats detrimental to his release date. Subject received no disciplinary action which resulted in a loss of good time while assigned to Montgomery Pre-Release Center.

There are no incidents, nor have there been any investigations conducted on Montgomery Pre-Release Center Correctional Officer for physical abuse resulting in a loss of life. To facilitate subject's comfort, safety and well-being, Plaintiff was transferred to Kilby Correctional Facility and placed in protective custody .

*Leeposey Daniels*
Leeposey Daniels, Warden II,
Montgomery Pre-Release Center
Alabama Department of Corrections

State of Alabama    )
                    )
                    )
Montgomery County   )

Sworn to and subscribed before me and given under my hand and Official Seal this 6th day of March 2007.

Notary Public

*Berenice S. Writes*

My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: April 5, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

-3-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| James L. Boyington,<br>AIS #231495<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>Debra Caldwell, Correctional Officer,<br>et al.,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:07CV30-MHT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared before me first being duly sworn, deposes and says on oath as follows:

My name is Debra Caldwell, and I am presently employed as a Correctional Officer with the Alabama Department of Corrections, Montgomery Pre-Release Center, Mt. Meigs, Alabama. I am over twenty-one (21) years of age. Inmate James L. Boyington, W/M, AIS #235843, has alleged the following:

**Plaintiff, James L. Boyington, W/M, AIS# 235843, alleges that he was denied access to the Montgomery Pre-Release Center Law Library, use of a computer, and an appropriate place to formulate legal documents.**

**RESPONSE:** The Montgomery Pre-Release Law Library is open to the inmate population approximately twenty (20) hours per week as required by ADOC Administrative Regulation 303. Inmates who have a need to research information on the computer assigned to the Montgomery Pre-Release Center Law Library are instructed to inform the Law Library Supervisor, who will research and print the requested information for them.

Inmates are afforded the use of tables located inside and outside the dormitory. I have no knowledge of nor did I witness any legal documentation presented by inmate Boyington while he was assigned to Montgomery Pre-Release Center.

**Plaintiff claims he was subjected to unsanitary and inhumane conditions, forced to take cold showers, and required to endure bodily contact with raw sewage.**

RESPONSE: These charges alleged by the Plaintiff are completely false. At no time, has any inmate assigned to Montgomery Pre-Release Center been subjected to unsanitary and inhumane living conditions. During my tenure at Montgomery Pre-Release Center, at no time have there been any incidents where raw sewage leaked into the inmate latrine. Fire extinguishers are readily available in the dormitory and adequate ventilation is provided.

**Plaintiff alleges that the Montgomery Pre-Release Center staff has been under investigation for physical abuse with the end result, loss of life. Plaintiff also claimed treatment detrimental to his imminent release date, feared retaliation, disciplinary action, and a loss of good time.**

RESPONSE: To my knowledge and recollection, there have been no incidents of physical abuse by any Correctional Officer assigned to Montgomery Pre-Release Center resulting in a loss of life. I have no knowledge of detrimental treatment, retaliation or disciplinary action in which Plaintiff was subject to a loss his good time.

**The above statements are true and correct to the best of my knowledge and recollection.**

Debra Caldwell, Correctional Officer,
Montgomery Pre-Release Center,
Alabama Department of Corrections

-2-

State of Alabama )
)
Montgomery County )

Sworn to and subscribed before me and given under my hand and Official Seal this 5th day of March 2007.

_____
Notary Public
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: April 6, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires:

-3-