IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES L. BOYINGTON | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-30-MHT (WO) |
| LEEPOSEY DANIELS, WARDEN, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, James Boyington, filed this 42 U.S.C. § 1983 action on January 9, 2007 while he was incarcerated at the Montgomery Pre-Release Center in Mt. Meigs, Alabama.[1] Alleging that Defendants denied him access to the courts and subjected him to unconstitutional conditions of confinement, Plaintiff instituted this action for damages and injunctive relief against Warden LeePosey Daniels and Correctional Officer Debra Caldwell.

In accordance with the orders of the court, Defendants filed a special report and supporting evidentiary material in response to the allegations contained in the complaint. (*Doc. No. 11*.) The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a

---

[1] Plaintiff arrived at the Montgomery Pre-Release Center on November 21, 2006 and was released from custody on or about February 21, 2007.

response to the special report filed by Defendants.[2] (*Doc. No. 13*.) This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to this motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[3] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

---

[2] To the extent Plaintiff sought to raise new claims in his opposition, the court declines to consider those claims and further notes that Plaintiff did not seek to amend his complaint to raise new theories of liability. *Se Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004 ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

[3] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

*Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's claims. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

"If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." . *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create

a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se*

status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

*A.  The Request for Injunctive Relief*

Plaintiff is no longer incarcerated.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  Because the records before the court clearly reflect that Plaintiff is no longer incarcerated, his request for injunctive relief has been rendered moot.

*B.  The Access to Courts Claim*

When Plaintiff arrived at the Montgomery Pre-Release Center on November 21, 2006, he was under order to file a status report in a pending federal habeas application by November 28, 2006.  He, therefore, sought access to the facility's law library in order to prepare the report.  Defendant Caldwell, who oversaw the operation of the law library, was off until November 25, 2006. As a result Plaintiff complains that he was unable to access the library until November 26, 2006, when Defendant Caldwell summoned him to the law library.  Although the computer was not available for inmate use, Defendant Caldwell informed Plaintiff that she would attempt to locate and retrieve the legal material he wished

to receive. Defendant Caldwell was unable to locate information pertaining to Plaintiff's request for "Rules of Court (federal) in regards to federally 'stayed' petitions." Nonetheless, Defendant Caldwell provided Plaintiff with the information she was able to retrieve based on his research request. Plaintiff complains that the information was not relevant and that Defendant Caldwell denied his request to remain in the law library to prepare his response. Plaintiff further alleges that subsequent requests to access the law library were denied which affected his ability to properly research, formulate, and prepare legal work in his federal habeas petition as well as in a state court case which "severely prejudiced [Plaintiff] in adequately preparing in pro se defense." (*Doc. No. 1 and Exh .A.*)

Defendants maintain that law library is open to inmates at the Montgomery Pre-Release Center approximately 20 hours a week. Inmates who need to research information on the computer may inform the law library supervisor who will conduct the research and print the requested information. Defendant Caldwell denies having any knowledge of or witnessing any legal documentation presented by Plaintiff. (*Doc. No. 13, Daniels and Caldwell Affidavits*.)

The law is well settled that prison inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Plaintiff*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance created in *Bounds*. Specifically, the Court mandated that "an inmate alleging a violation of *Bounds* must show actual injury" arising directly from the alleged inadequacies in the law library, legal assistance program or

7

correctional policy. *Lewis*, 518 U.S. at 349. In identifying the specific right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance]. The right that *Bounds* acknowledged was the (already well-established) right of ***access to the courts*** . . . [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id*. at 350-351 (emphasis in original) (citations omitted). The Court further determined *Bounds* did not require "that the State . . . enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court . . . To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354 (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Lewis*, 518 U.S. at 349. Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id*. Finally, the Court determined that the injury requirement is

satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts -- a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not . . . thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

Review of the pleadings and documents filed in this matter fails to demonstrate that Plaintiff suffered the requisite "actual injury" to establish a constitutional violation. Plaintiff has not come forward with any evidence that the actions about which he complains deprived him of the *capability* of pursuing non-frivolous legal claims before federal or state courts. Because Plaintiff has failed to establish the requisite injury, summary judgment is due to be granted in favor of Defendants on Plaintiff's access to courts claim. *Lewis*, 518 U.S. at 356; *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

*C. The Conditions Claim*

Plaintiff describes a variety of conditions in existence during his brief confinement at the Montgomery Pre-Release Center which he maintains amounted to a violation of his Eighth Amendment rights. These conditions and problems included an inadequate hot water supply, unsanitary toilet conditions, insufficient living space due to overcrowding, fire hazards, and unsafe and/or inadequate air quality. (*Doc. No. 1*.)

Defendants deny that Plaintiff was subjected to unconstitutional conditions of confinement during his incarceration at the Montgomery Pre-Release Center and note that the facility is subject to mandatory inspections by the State Department of Public Health. According to Defendants' unrefuted evidentiary material, the inmate dormitories at the pre-release center provide each prisoner adequate living space and ventilation and fire extinguishers are available in the dormitories. Defendants affirm that the facility experienced a boiler system failure resulting in a temporary disruption of available hot water but state that the boiler system was subsequently replaced with a new unit. Finally, Defendants maintain that at no time was there an incident in which raw sewage leaked from the toilets in the inmate dorms. In sum, Defendants contend that Plaintiff was not exposed to either inhumane nor unsanitary conditions during his incarceration at the pre-release center. (*Doc. No. 11*, *Daniels and Caldwell Affidavits*.)

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). There is no "static test" for determining which conditions violate the Constitution. *Id*. at 346. Whether a violation exists requires a fact intensive determination of what conditions exist

and whether objectively and subjectively the conditions offend the Constitution by amounting to seriously sufficient deprivations to which officials were deliberately indifferent. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1994).  Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations.  *Rhodes*, 425 U.S. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832  (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling v. McKinney*,  509 U.S. 25, 33 (1993).  In order to demonstrate the objective component of an Eighth Amendment violation with respect to conditions of confinement, a prisoner must prove that he was denied the "minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 832. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).   The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and, with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.  In this case, Plaintiff alleges in conclusory terms that he was subjected to unconstitutional conditions of

11

confinement at the Montgomery Pre-Release Center.  All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which while not comfortable must be humane. *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007). Plaintiff has failed to establish that the conditions about which he complains caused him serious harm nor can the problems he describes be considered "abuses." Additionally, Plaintiff has failed to produce evidence which shows that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. The mere fact that the conditions and problems described by Plaintiff existed is insufficient to demonstrate a constitutional violation. Consequently, Defendants' motion for summary judgment on Plaintiff's claims challenging the conditions of confinement at the Montgomery Pre-Release Center is due to be granted.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No. 11*) be GRANTED;

2.  Judgment be ENTERED in favor of Defendants and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **December 4, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of November, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE